FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 28, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| VICTOR OCHOA,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>PASCO SCHOOL DISTRICT NO. 1; MICHELLE WHITNEY; SARAH THORNTON; ROBERT SMART; JAY O'SIMMON; JESSICA URSUA DE LA MORA; KELLY CONKLIN; and JEN JOHNSON,<br><br>　　　　　　　　Defendants. | NO. 4:24-CV-5097-TOR<br><br>ORDER DENYING AS MOOT DEFENDANTS' MOTION TO DISMISS AND GRANTING PLAINTIFF'S LEAVE TO AMEND |

BEFORE THE COURT is Defendants' Motion to Dismiss (ECF No. 19). This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein and is fully informed. For the reasons discussed below, Defendants' Motion to Dismiss (ECF No. 19) is DENIED as moot.

**BACKGROUND**

This matter arises out of alleged retaliation claims for employment

ORDER DENYING AS MOOT DEFENDANTS' MOTION TO DISMISS AND GRANTING PLAINTIFF'S LEAVE TO AMEND ~ 1

discrimination under 42 U.S.C. §§ 2000e, *et seq* (Title VII), 29 U.S.C. §§ 621 *et seq*, and retaliation pursuant to RCW 49.60 *et seq*, that Plaintiff alleges he was subjected to while employed with Defendants. ECF No. 26 at 6–7. Plaintiff filed his Complaint and initial Response to Defendants' Motion to Dismiss *pro se*. ECF Nos. 1, 20. In the interim, pro bono counsel was appointed, and Plaintiff was granted leave to file a supplemental response with the assistance of counsel. *See* ECF Nos. 21, 25. Within that Response, Plaintiff seeks leave to amend his Complaint. ECF No. 26 at 2. Defendants have not opposed amendment and seek to strike their Motion to Dismiss. ECF No. 27.

## DISCUSSION

Amendment of pleadings is governed by Federal Rule of Civil Procedure 15. Under Rule 15(a)(2), a plaintiff seeking to amend his complaint more than 21 days after a responsive motion has been filed must obtain either the opposing party's written consent or leave of the court. Fed. R. Civ. P. 15(a)(2). Under Rule 15(a), leave to amend a party's pleading "should [be] freely give[n] ... when justice so requires," because the purpose of the rule is "to facilitate decision on the merits, rather than on the pleadings or technicalities." *Novak v. United States*, 795 F.3d 1012, 1020 (9th Cir. 2015) (citation omitted). In deciding whether to grant leave, Courts consider several factors, including (1) bad faith on the part of the movant; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; (5)

and whether the plaintiff has previously amended the complaint. *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011).

Here, given that Plaintiff's pro bono counsel recently appeared, Defendants do not object to amendment, and he has not sought leave to amend previously, the balance of the factors weighs in favor of Plaintiff, and therefore the Court grants leave to amend. As such, Defendants' outstanding Motion to Dismiss is moot as the Complaint is no longer operative. *See Ramirez v. Cnty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992) (amended pleading supersedes the original pleading).

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendants' Motion to Dismiss (ECF No. 19) is **DENIED as moot**.

2. Plaintiff's Motion to Deny Dismissal (ECF No. 20) is **DENIED as moot**.

3. Plaintiff may amend his Complaint within **thirty (30) days** of this Order.

The District Court Executive is directed to enter this Order and furnish copies to counsel.

DATED February 28, 2025.



THOMAS O. RICE
United States District Judge

ORDER DENYING AS MOOT DEFENDANTS' MOTION TO DISMISS AND GRANTING PLAINTIFF'S LEAVE TO AMEND ~ 3